UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY JOHNSON, | ) | Case No.: 1:19 CV 2636 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN HAROLD MAY, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court is Petitioner Zachary Johnson's ("Petitioner" or "Johnson") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Johnson is an Ohio inmate serving an aggregate 31-year-to-life term of imprisonment for aggravated murder, murder, attempted murder, felonious assault, discharging a weapon at or near a prohibited premises, and having a weapon while under disability. (Report & Recommendation ("R & R") at 1, ECF No. 8.) Johnson filed his Petition (ECF No. 1) on November 12, 2019, and Respondent Harold May ("Respondent" or "May"), Warden of the Richland Correctional Institution, filed a Return of Writ (ECF No. 5) on December 13, 2019.

As a preliminary matter, Kenneth Black, the current warden of the Richland Correctional Institution, will be substituted as the proper Respondent in this case, as he has replaced Harold May, who served as warden at the time Johnson filed his Petition. *See* 28 U.S.C. § 2243 ("The writ . . .

shall be directed to the person having custody of the person detained."); Fed. R. Civ. P. 25(d) (providing that, "when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[,]" "[t]he officer's successor is automatically substituted as a party.").

Magistrate Judge Jennifer D. Armstrong (the "Magistrate Judge" or "Judge Armstrong") submitted a R & R (ECF No. 8) on November 16, 2022, recommending that the court deny Johnson's Petition because his claim is procedurally defaulted, and that the court decline to issue Johnson a Certificate of Appealability. (R & R at 31, ECF No. 8.) Judge Armstrong noted that in his Petition, Johnson only argues that his trial counsel offered ineffective assistance by abusing drugs, failing to screen out a biased juror, and failing to secure exculpatory testimony from certain eyewitnesses. (*Id.* at 8.) Johnson raised none of these arguments in his direct appeals, although he did raise other, distinct arguments concerning ineffective assistance of counsel at that time. (*Id.* at 19.) Judge Armstrong concluded that the claims brought in the instant Petition are factually distinct from those raised on direct appeal, and are therefore procedurally defaulted because Johnson failed to raise them either on direct appeal or in post-conviction proceedings in state court. (*Id.* at 20–21.) The Magistrate Judge further found Johnson's contention that his procedural default was for cause to be conclusory, and essentially a reformulation of his merits argument that his trial counsel was ineffective. (*Id.* at 23–24.) Furthermore, Judge Armstrong concluded that Johnson had presented no evidence sufficient to support a claim of actual innocence, as Johnson offered only conclusory allegations as to the eyewitnesses' potential testimony, and there is no indication that a reasonable juror could not have found Johnson guilty even if the court deemed that testimony to be reliable. (*Id.* at 26–30.) Finally, because the procedural default of Johnson's claims is not debatable among jurists

of reason, Judge Armstrong recommended that no Certificate of Appealability issue in this case. (*Id.* at 31.)

Objections to the Magistrate Judge's R & R were due by November 30, 2022, but neither Petitioner nor Respondent submitted any. Accordingly, this matter is ripe for review. Furthermore, by failing to object to the R & R, the parties have waived the right to appeal from an order adopting the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Armstrong's Report and Recommendation. (ECF No. 8.) The court hereby denies Johnson's Petition, declines to issue Johnson a Certificate of Appealability, and substitutes Kenneth Black as the Respondent in this case.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 9, 2023